*November,*
1820.

## Malone *against* Donnally.

IN the transcript of the Record, the entry of verdict and judgment was as follows :

Declaration in debt sets out that defendant, by his note sealed with his seal, &c. "*promised to pay.*" Defendant pleads payment concluding to the country. Damages laid in writ, but omitted in declaration. Verdict, "We find for the plaintiff according to specialty, with six per cent interest."

" We the Jury find for the plaintiff according to specialty, " with six per cent. interest and costs. It is therefore con- " sidered by the Court, that the said *James Donnally* reco- " ver of the said *Thomas Malone,* according to specialty, " with six per cent. interest and costs."

The other matters in the Record, material to the decision, appear in the opinion given by the Court.

The Chief Justice delivered the opinion of the Court. It is assigned as Error that the declaration is both in debt assumpsit. The declaration sets out that defendant made his certain note in writing, sealed with his seal, &c., whereby *he promised to pay.* The contract is substantially, though

Judgment, " That plaintiff recover of defendant according to specialty, with six per cent interest and costs." Judgment sustained.

not technically, set forth, averring that by his note sealed with his seal, he promised to pay, is in effect, averring that he thereby acknowledged himself to be bound to pay. This objection is certainly not available after plea and verdict.

The defendant plead payment, " and of this he puts him-" self upon the country," and the plaintiff doth "the like." It is contended that nothing was put in issue. The defendant alledges that the debt has been paid, and puts himself upon the country for trial of that fact. It is submitted to the Jury to determine on its truth or falsehood. It is true the plea concludes improperly, and this matter might have been taken advantage of by demurrer; but it would be strange doctrine to admit the defendant to take advantage of the informality of his own plea after a verdict had been rendered against him on it.(a)

It is further assigned as Error—That judgment was rendered for damages when no·damages were claimed by the declaration, and that the verdict and judgment vary from the allegations in the declaration.

The damages are left blank in the declaration ; but damages to an amount sufficient to cover the amount found by the Jury are laid in the writ, which, for the purposes of amendment, is part of the record and proceedings.(b) The declaration was amendable by the writ, and here the amendment is to be considered as made.(c) The verdict is for interest on the debt described in the declaration, which is by law the measure of damages. The Jury could not legally have rendered a verdict for less or more damages than the interest. The judgment pursues the verdict, and by reference to the specialty described in the declaration, the amount of the judgment becomes sufficiently certain.

Let the judgment be affirmed.

*(a)* 1 Com. D.
331. 5 Com.
Dig. 9. p. 1.

*(b)* St. of Jeo-
fails. 1807.
Laws Ala. 454,
Sect. 36.
*(c)* 2 Wash.
203. 3 Hen. &
Munford, 457.
2 Tidd. P. 826.